UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE McMULLEN, a single person, | |
| Plaintiff, | NO. CV-13-087-RHW |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |
| JP MORGAN CHASE BANK, QUALITY LOAN SERVICES CORPORATION and PRIORITY POSTING AND PUBLISHING, INC., | |
| Defendants. | |

Before the Court are Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss, ECF No. 6; Defendants Quality Loan Service Corporation of Washington and Priority Posting and Publishing, Inc.'s Motion to Dismiss, ECF No. 7, and Plaintiff's *pro se* Motion to Deny Defendants' Motion of Dismiss, ECF No. 13. Defendant JPMorgan Chase Bank is represented by Joshua Rataezyk. Defendant Quality Loan Service Corporation and Priority Posting and Publishing are represented by Mary Stearns.

## BACKGROUND

The following facts are taken from Plaintiff's complaint:

In September, 2006, Plaintiff entered into a Purchase Agreement to purchase property located at 3027 S. Arthur, Spokane, Washington. Complaint, ¶¶ 3, 5. Plaintiff borrowed money from Washington Mutual Bank to purchase the property. ¶ 6. As a result, Washington Mutual Bank became the lien holder and beneficiary of the Note and Deed of Trust against the property. ¶ 7. At some point,

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 1**

the loan was acquired by Defendant JPMorgan Chase. ¶ 8.

Plaintiff alleges he has no knowledge of being provided any assignment or other document demonstrating the transfer of the Note and Deed of Trust from Washington Mutual Bank to any other person; no knowledge as to how "Defendant"[1] allegedly came to be the "beneficiary" under the Deed of Trust; and no knowledge of the present owner's identity. ¶¶ 13, 14.

Plaintiff alleges that because "the severance of the ownership and possession of the original Note and Deed of Trust has occurred, with one or more assignments and the parsed sale of certain rights under the Note and Deed of Trust, any party are [sic] legally precluded from foreclosing on the PROPERTY unless and until they can demonstrate full legal standing to do so." ¶ 18. Plaintiff also alleges he has been a victim of "robo signing." ¶ 19.

Plaintiff is seeking injunctive relief that precludes and cancels the Trustee's Sale and gives exclusive control and ownership of the property to the OWNERS. He also seeks damages for violations of the Washington Consumer Protection Act and for breach of fiduciary duty. He maintains Defendants failed to record a proper, valid and correct Notice of Default, or Notice of Trustee Sale, failed to comply with proper notification, and failed to comply with and maintain a street address in Washington where personal services of process may be made. He also seeks quiet title free and clear from all Defendants.

### JURISDICTION

Defendants removed Plaintiff's complaint from Spokane County Superior Court, citing diversity of citizenship. Plaintiff is a citizen of the State of Idaho. JPMorgan Chase is a National Banking Association whose Main Office is in Ohio. 28 U.S.C. §§ 1332, 1348 (A National Banking Association is a citizen of the state in which its Main Office, as set forth in its Articles of Association, is located).

---

[1]Plaintiff did not specify which Defendant was named beneficiary.

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 2**

1  Defendant Quality Loan Service Corporation of Washington has its principal place

2  of business in the State of Washington, and Defendant Priority Posting and

3  Publishing, Inc. maintains its principal place of business in the State of California.

4  The case was properly removed to federal court, based on diversity of citizenship.

5                                    **MOTION STANDARD**

6       "To survive a motion to dismiss, a complaint must contain sufficient factual

7  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

8  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible "when the

9  plaintiff pleads factual content that allows the court to draw reasonable inference

10 that the defendant is liable for the conduct alleged." *Id.* The Court must accept

11 Plaintiff's factual allegations as true. *Id*. at 678. However, the Court is "not bound

12 to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic*

13 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court explained,

14 "Rule 8 marks a notable and generous departure from the hyper-technical, code-

15 pleading regime of a prior era, but it does not unlock the doors of discovery for a

16 plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

17      If a court finds that a complaint must be dismissed because it does not state

18 a claim for which relief may be granted, it must then decide whether to grant leave

19 to amend. *Akhtar v. Mesa*, 698 F.3d 1210, 1212 (9th Cir. 2012). A court must give

20 a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the

21 deficiencies of the complaint cannot be cured by amendment." *Id.*

22      Under the doctrine of incorporation by reference, district courts may

23 consider certain materials, such as documents attached to the complaint,

24 documents incorporated by reference in the complaint, or matters of judicial

25 notice, without converting the motion to dismiss into a motion for summary

26 judgment. *Van Buskirk v. Cable News Network,* 284 F.3d 977, 980 (9th Cir. 2002).

27  Supplemental documents not attached to the complaint may be considered in

28 ruling on a motion to dismiss if Plaintiff's complaint refers extensively to them or

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;**
**GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 3**

1  if they are essential to Plaintiff's claim. *United States v. Ritchie*, 342 F.3d 903, 908

2  (9th Cir. 2003). The rule is limited to documents "whose authenticity no party

3  questions." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)

4       Attached to Defendant JPMorgan Chase Bank's Motion to Dismiss are:

5  Adjustable Rate Note (Exhibit A); Deed of Trust (Exhibit B); Purchase and

6  Assumption Agreement (Exhibit C); Limited Power of Attorney (Exhibit D);

7  Notice of Default (Exhibit E); Notice of Trustee's Sale (Exhibit F). Attached to

8  Defendant Quality Loan Service Corporation and Priority Posting and Publishing

9  Inc.'s Motion to Dismiss is Beneficiary Declaration (Exhibit A). Because

10 Plaintiff's complaint refers extensively to the Note and Deed of Trust, the Court

11 will rely on them to decide the motions. The Deed of Trust named Transnation

12 Title Ins. Co. as the trustee. ECF No. 6, Ex. B. Washington Mutual Bank, FA was

13 named as the Lender. *Id.* Also, Plaintiff alleges that the Notice of Default dated

14 April 23, 2010, and the Notice of Trustee sale dated October 4, 2012, were

15 defective. The Court will also rely on these documents to decide the motions. The

16 Notice of Default identified JPMorgan Chase as the owner of the Promissory Note

17 and identified Washington Mutual Bank, FA as the loan servicer. Quality Loan

18 Service Corp. of Washington was identified as the agent for JPMorgan Chase. The

19 Notice of Trustee's Sale indicated that Quality Loan Service Corp. of Washington

20 was trustee and indicated that Washington Mutual Bank assigned the beneficial

21 interest to JPMorgan Chase Bank.

22      However, Plaintiff's complaint does not refer to Purchase and Assumption

23 Agreement, and the Limited Power of Attorney. As such, the Court will not

24 consider these documents in ruling on Defendant's Motion to Dismiss.

25                      **ANALYSIS**

26      In his Complaint, Plaintiff seeks injunctive relief against the foreclosure

27 action, asks the Court to give exclusive control and ownership of the property to

28

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;
GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 4**

the owners; and asks for declaratory relief that Defendant[2] has no legal standing to institute or maintain ownership or foreclose on the property. He also brings a claim for violation of the Consumer Protection Act; for breach of fiduciary duty; for violations of Wash. Rev. Code §§19.144.020; 61.24.030; and for quiet title.

## 1.    Claims against JPMorgan Chase

Plaintiff alleges that Defendant JPMorgan Chase is not entitled to enforce the Note and Deed of Trust. According to JPMorgan Chase, it holds the Note, and thus has authority to foreclose on the note.

According to JPMorgan Chase, in 2008, Washington Mutual, the original holder of the note, was placed into receivership by the Federal Deposit Insurance Company (FDIC). JPMorgan Chase purchased certain WaMu assets. Defendant JPMorgan Chase asserts it is the rightful holder of the note because it acquired the Note from the FDIC as receiver for WaMu, and the original note was endorsed in blank. *See* Wash. Rev. Code 62A.3-205(b).[3] The blank indorsement is contained in Exhibit A.

---

[2]In his complaint, Plaintiff refers to Defendant BAC. Defendant BAC is not named as a Defendant. *See* ECF No. 1, Complaint ¶ D.2.

[3]RCW 62A.3-205(b) provides: If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. Subsection (a) provides: If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in RCW 62A.3-110 apply to special indorsements.

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;**
**GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 5**

1   Here, while Plaintiff alleges that Defendant JPMorgan Chase Bank obtained
2   the note illegally, he does not allege that Defendant is not the holder of the note.
3   On the contrary, Plaintiff affirmatively states that Defendant holds the note. *See*
4   ECF No. 1, Complaint, ¶ 8 ("At some point in time unknown to PLAINTIFF it
5   appears the loan was somehow acquired by DEFENDANT CHASE.").

6   Consequently, as holder of the note, Defendant has the legal right to
7   foreclose on the deed of trust, even if it obtained the loan illegally. Wash. Rev.
8   Code 62A.3-301[4]; *Bain v. Metro Mortg. Group., Inc.*, 175 Wash.2d 83, 104 (2012)
9   (observing that the holder of the note secured by a deed of trust is entitled to
10  foreclose on the deed of trust). Thus, because Plaintiff has not alleged that
11  Defendant does not hold the note, Plaintiff's claims against Defendant JPMorgan
12  Chase fail.

13  **2.    Claims against Defendant Quality**

14  Plaintiff alleges Defendant Quality does not have the right to conduct a
15  trustee sale. Plaintiff also alleges defects in the Notice of Default and Notice of
16  Trustee Sales. Plaintiff does not specifically allege any deficits, except to assert in
17  ¶ F.4, that "RECON DEFENDANT as trustee failed to comply with and maintain a
18  street address in this state where personal service of process may be made." In
19  liberally construing Plaintiff's *pro se* Complaint, the Court assumes Plaintiff
20  intended to identify Defendant Quality Loan Service Corp. as the Trustee. Even

21

22  [4]"Person entitled to enforce" an instrument means (I) the holder of the
23  instrument, (ii) a nonholder in possession of the instrument who has the rights of a
24  holder, or (iii) a person not in possession of the instrument who is entitled to
25  enforce the instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person
26  may be a person entitled to enforce the instrument even though the person is not
27  the owner of the instrument or is in wrongful possession of the instrument. Wash.
28  Rev. Code § 62A.3-301.

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;
GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 6**

1  so, the failure to allege specific defects of the notices is fatal to Plaintiff's claim.

2  Plaintiff has failed to adequately plead a claim under the Deed of Trust Act against

3  Quality Loan Service Corporation.

4       3.    **Claims Against Defendant Priority**

5       At times in his Complaint, Plaintiff alleges that "Defendants" engaged in

6  certain conduct. However, these allegations are vague, non-specific, and general,

7  and are not directed at a specific Defendant. For instance, Plaintiff alleges that

8  "Defendants" failed to provide the owner of the property with a proper, valid, and

9  correct Notice of Default or Notice of Trustee Sale, as required by Wash. Rev.

10  Code § 19.144.020.

11       The Court has reviewed the Complaint and cannot find any allegations

12  regarding any specific conduct attributable to Defendant Priority Posting and

13  Publishing, Inc. As such, the Court grants Defendant Priority Posting and

14  Publishing, Inc.'s Motion to Dismiss.

15       4.    **Remaining Claims**

16       a.    **Securitization of the Loan**

17       Plaintiff alleges that severance of the ownership and possession of the

18  original Note and Deed of Trust has occurred, due to the securitization of the loan.

19  As a result, any party is legally precluded from foreclosing on the property unless

20  it can demonstrate full legal standing to do so. Plaintiff appears to be arguing that

21  the only persons who would have authority to foreclose are the holders of the

22  securitized trust. Courts have generally rejected this claim. *See Frazier v. Aegis*

23  *Wholesale Corp.*, 2011 WL 6303391 (N.D. Calif. Dec. 16, 2011) (identifying

24  courts that have rejected the argument that the only persons who would have

25  authority to foreclose are the certificate holders of the securitized trust). The Court

26  dismisses this claim.

27       b.    **Consumer Protection Act**

28

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;**
**GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 7**

Plaintiff alleges he is a victim of robo-signing.[5] In his Complaint, Plaintiff alleges that "Defendant Chase and trustees were foreclosing on consumer residences having documents signed without reading them or knowing what the content entailed, falsifying, back dating and forging documents."

In order to allege a claim under the Washington Consumer Protection Act, Plaintiff must allege: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the  public interest; (4) causing (5) injury to plaintiff in his or her business or property. *Schroeder v. Excelsior Management Group, LLC*, 177 Wash.2d 94, 114 (2013). A claim under the CPA "may be predicated on a per se violation of the statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 782 (2013).

As holder of the note, Defendant JPMorgan Chase had the legal right to foreclose on the loan. Plaintiff has not alleged that he was not in default on the loan. Nor has he alleged that JPMorgan Chase made a material misrepresentation or failed to disclose material terms. Plaintiff has not identified an unfair or deceptive act attributed to Defendant JPMorgan Chase Bank. Moreover, Plaintiff's generalized claims of robo-signing do not adequately set forth a claim under the Washington Consumer Protection Act.

c.    **Quiet Title Action**

Plaintiff seeks quiet title to the property that is subject to the loan and the Deed of Trust.

---

[5]"Generally, robo-signing refers to 'assembly-line signing and notarizing of affidavits for foreclosure cases, mortgage assignments, note allonges and related documents, all filed in courts and deed recorders in counties across the United States.'" *Klem*, 176 Wash.2d 792, no. 14. (citation omitted).

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 8**

Wash. Rev. Code §7.28.120 provides:

The plaintiff in [a quiet title] action shall set forth in his complaint the nature of his estate, claim or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail.

An action to quiet title is an equitable proceeding "designed to resolve competing claims of ownership." *Walker*, 308 P.3d. at 728. A plaintiff in a quiet title action must prevail "on the strength of his own title, and not on the weakness of the title of his adversary." *Id.*

Plaintiff is not alleging a claim to quiet title based upon the strength of his own title. Rather, he is alleging that Defendants are not eligible beneficiaries and he is seeking to void the deed of trust on this basis. As set forth in *Walker*, this allegation does not support a quiet title action, and Plaintiff's quiet title action is dismissed.

**5.    Leave to Amend**

Plaintiff may submit an amended complaint within **thirty (30) days** of the date of this Order. **The Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint.**

The Amended Complaint must be legibly rewritten or retyped in its entirety, may not incorporate any part of the original complaint by reference and must be clearly labeled the "First Amended Complaint." Cause number CV-13-087-RHW must be written in the caption.

 Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant JPMorgan Chase Bank's Motion to Dismiss, ECF No. 6, is **GRANTED**. The Court **dismisses** the claims asserted against Defendant JPMorgan Chase Bank, without prejudice.

2.    Defendant Quality Loan Serv. Corporation's and Priority Publishing Co.'s Motion to Dismiss, ECF No. 7, is **GRANTED**. The Court **dismisses** the claims asserted against Quality Loan Service Corporation and Priority Publishing

Co., without prejudice.

3.    Plaintiff's *pro se* Motion to Deny Defendants' Motion of Dismiss, ECF No. 13, is **DENIED**.

4.    Plaintiff shall have **thirty (30) days** from the date of this Order to file an Amended Complaint. Failure to file an amended complaint will result in dismissal of this action.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** this 20th  day of November, 2013.


*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court


Q:\RHW\aCIVIL\2013\McMullen\dismiss3.wpd

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;**
**GRANTING LEAVE TO FILE AN AMENDED COMPLAINT ~ 10**